IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **2:16cv1336** |
| | ) | **Electronic Filing** |
| | ) | |
| **TIMOTHY L. BURKE** a/k/a | ) | |
| BURKE, TIMOTHY L., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

Pending before the court in the above-captioned matter is a motion for judgment on the pleadings filed by the United States (referred to hereafter, at times, as the "government"). For the reasons that follow, the motion will be denied.

## I.     INTRODUCTION

The United States commenced this case against defendant Timothy L. Burke (hereafter, "Burke") on August 30, 2016. In its complaint, see Doc. No. 1, the government alleged that Burke was indebted to it in the total amount of $43,967.81 as of November 3, 2015. Compl. ¶3. Attached to the complaint, and incorporated by reference, are Certificates of Indebtedness that purportedly certify the debt Burke allegedly owes as a result of defaulted student loans. Id. ¶4; see Compl. Ex. A. According to the complaint, "[d]emand has been made upon [Burke] by [the government] for the sum due but the amount due remains unpaid." Compl. ¶5. In its ad damnum clause, the government requested a monetary judgment in the amount of $43,967.81, plus prejudgment interest, administrative costs, "service of process costs allowed by law," post-judgment interest, and attorney's fees as "allowed by law or contract." Id. (ad damnum clause).

On October 31, 2016, Burke filed his answer to the complaint.  See Doc. No. 2.  Therein, Burke admitted the government's allegations concerning this court's subject-matter jurisdiction and his own "last-known address."  Answer ¶¶1-2.  Burke denied as "untrue" the United States' allegations about:  (a) the amount of debt owed, (b) the validity of the government's Certificates of Indebtedness, and (c) Burke's failure to pay his debts despite the government's prior demand.  Id. ¶¶3-5.  Burke also asserted the defense of failure to state a claim upon which relief may be granted.  Id. ("Defenses").

Thereafter, the United States filed the instant motion for judgment on the pleadings.  See Doc. No. 9.  The government contends that Burke's answer is "not sufficiently particular to inform the Plaintiff as to the defenses it will be called upon to meet."  Doc. No. 9, ¶14.  The government argues that the answer violates "basic notions of due process, adequate notice and fair play," id. at ¶15 (citing White v. Smith, 91 F.R.D. 607, 608 (W.D.N.Y. 1981)), and will only cause further delay in the resolution of this case.  Id. at ¶17.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Judgment on the pleadings is appropriate only when the movant "'clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'"  Minnesota Lawyers Mut. Ins. Co. v. Ahrens, 432 F. App'x 143, 147 (3d Cir. 2011) (quoting Rosenau v. Unifund Corp. 539 F.3d 218, 221 (3d Cir. 2008)).

In this case, the United States contends that it is entitled to judgment on the grounds that Burke did not properly deny the allegations in Paragraphs 3 through 5 of the complaint.  Those paragraphs set forth the government's averments that Burke has failed to repay $43,967.81 that is

2

currently due and owing, as evidenced by the appended Certificates of Indebtedness, despite the government's demand.  Compl. ¶¶3-5.  According to the United States, Burke's general denial of these averments as "untrue" is insufficient because it fails to inform the government as to the defenses that the government will be called upon to meet.  Based upon its review of the pleadings, this court finds the United States' argument unpersuasive.

Pursuant to Rule 8(b)(1), a party responding to a pleading must:  "**(A)** state in short and plain terms its defenses to each claim asserted against it; and **(B)** admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1)(A) and (B).  "A denial must fairly respond to the substance of the allegation."  Fed. R. Civ. P. 8(b)(2).  A denial may be general or specific.  See Fed. R. Civ. P. 8(b)(3). "A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted."  Id.  In addition, "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest."  Fed. R. Civ. P. 8(b)(4).  An answer may refer by number to a paragraph in the complaint.  See Fed. R. Civ. P. 10(b) ("A later pleading may refer by number to a paragraph in an earlier pleading.").  "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b)(6).

Here, the government's complaint consists of five (5) numbered paragraphs, an ad damnum clause, and appended exhibits.  Doc. No. 1.  Burke's answer states that the allegations in the first two paragraphs are admitted and that the allegations in paragraphs 3 through 5 are denied "as untrue."  Doc. No. 5.  This is sufficient for purposes of Rule 8.  See 5 Charles Alan Wright, et al., Federal Practice and Procedure § 1266 (3d ed. 2004) ("The particular language or form of the specific denial is not important as long as it is clear which allegations are being

3

negated and which are not. Usually, a party will indicate the averments denied by reprinting them in full or by specifically denying them by paragraph number, since this type of reference is permitted by Rule 10."); see also White v. Smith, 91 F.R.D. 607, 608 (W.D. N.Y. 1981) ("For the most part, denials are to be 'specific denials of designated averments or paragraphs.'") (quoting Fed. R. Civ. P. 8(b)). To the extent the government desires greater clarity concerning the specific facts at issue in this case, it can utilize discovery and other pretrial procedures to elucidate the exact contours of the disputed issues. See 5 Charles Alan Wright, et al., Federal Practice and Procedure § 1261 (3d ed. 2004) ("As is true of pleadings asserting a claim for relief, "plain notice" of the issues being raised by the defendant is all that is required at the pleading stage by the federal rules;[ ] the parties are provided with adequate discovery and pretrial procedures to develop in detail the facts pertinent to their various claims and defenses and the pleadings are not intended to carry that burden.[ ]")(footnotes omitted). There is no reason to believe that this will be an unduly burdensome or costly exercise in this case; as the government itself acknowledges, "the Plaintiff and Defendant are the only two parties with respect to the loan transaction that would have any information regarding the status of the loans and their repayment." Reply Br. of Pl. at 2, Doc. No. 15.

In support of its motion, the United States analogizes Burke's answer to the responsive pleading at issue in White v. Smith, supra. In White, the district court ruled that the defendants' answer "[did] not come close to complying with the Federal Rules of Civil Procedure, not to mention basic notions of due process, adequate notice and fair play." 91 F.R.D. at 608. The facts in White, however, are readily distinguishable from those at issue here. In White, the pro se plaintiff filed a complaint that "plainly and cogently presented" his claims, 91 F.R.D. at 608, and provided a "meticulously detailed and quite specific" description of the events surrounding

4

his allegedly unlawful extradition.  Id. at 608-09.  In response to the complaint, the defendants jointly filed an answer in which they generally denied "each and every allegation of the complaint which allege [sic] or tends to allege that they violated any of plaintiff's constitutionally protected rights."  Id. at 608 n.1.  The court found this general denial insufficient under the Federal Rules of Civil Procedure.  Id. at 608.  The court further concluded, based on the circumstances of the case, that "delay, not the judicial resolution of this lawsuit, was first and foremost on defense counsel's mind when he signed and submitted defendants' responsive pleading."  Id. at 609.

This case does not involve circumstances that are comparable to those at issue in White.  First, the complaint is not factually complicated or terribly detailed, consisting only of five enumerated averments.  Second, Burke's answer does not contain a nebulously worded general denial like the one at issue in White; instead, it specifically denies certain of the government's factual averments while expressly admitting others.  Third, there is nothing of record to suggest that Burke's answer was filed in bad faith or out of a desire to engage in delay tactics.  This case is, by all appearances, a fairly straightforward collections action, and there is no reason to assume that pretrial procedures will be unduly complicated or protracted.  Consequently, the ruling in White has no relevance here.

Based on the foregoing reasons, the court is not persuaded that the government has demonstrated grounds for entry of judgment under Rule 12(c).  Accordingly, the following Order is entered:

**ORDER**

AND NOW, this 15th day of September, 2017, for the reasons set forth in the memorandum above, IT IS ORDERED that [9] plaintiff's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) be, and the same hereby is, DENIED.

 s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:     John F. Kroto, Esquire
(*Via CM/ECF Electronic Mail)*

Timothy L. Burke
158 Lebanon Church Road
Pittsburgh, PA 15236
(*Via First Class Mail*)